IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FINOVA CAPITAL CORPORATION | : | Case Nos. 01-0698 (PJW) |
| | : | |
| Reorganized Debtor | : | Jointly Administered |
| | : | |
| | : | |

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that the Official Committee of Equity Security Holders (the "Equity Committee"), on behalf of the shareholders (the "Equity Holders") of Finova Group, Inc., the corporate parent of Finova Capital Corporation (collectively, the "Debtors" or "Reorganized Debtors"), hereby appeals to the United States District Court for the District of Delaware from each and every part of the *Order Granting Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan*, entered by the United States Bankruptcy Court for the District of Delaware on the 26th day of June 2007 (Docket No. 220), as well as the *Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan* entered by the United States Bankruptcy Court for the District of Delaware on the 1st day of February 2006 (Docket No. 100).

The names of all parties to the Orders appealed from and the names, addresses, and telephone numbers of their respective attorneys are set forth below:

**Reorganized Debtor**                     Mark D. Collins
                                           Richards Layton & Finger
                                           One Rodney Square
                                           Wilmington, DE 19801

                                           Jonathan M. Landers, Esq.
                                           Paul Guillotte, Esq.

NYDOCS1-866034.1

|  |  |
|---|---|
|  | Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY  10166 |
| **Office of the United States Trustee** | David Buchbinder<br>George M. Conway<br>Office of the U.S. Trustee<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE  19801 |
| **Leucadia** | Martin J. Bienenstock<br>Judy G. Z. Liu<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY  10153 |
| **Bank of New York, as Indenture Trustee for Finova Group, Inc.'s Bonds** | Howard A. Cohen<br>Reed Smith LLP<br>1201 N. Market Street, Suite 1500<br>Wilmington, DE  19801 |

Dated:  July 6, 2007
       Wilmington, Delaware

                      **WILLIAM D. SULLIVAN, LLC**

                      */s/ William D. Sullivan*
                      William D. Sullivan (No. 2820)
                      4 East 8th Street, Suite 400
                      Wilmington, DE  19801
                      Tel:  (302) 428-8191
                      Fax:  (302) 428-8195
                      email:  bill@williamdsullivanllc.com

                      -- and --

                      **ANDERSON KILL & OLICK, P.C.**
                      Mark D. Silverschotz, Esq.
                      James Andriola, Esq.
                      1251 Avenue of the Americas
                      New York, NY  10020-1182
                      Tel:  (212) 278-1000
                      Fax:  (212) 278-1733

NYDOCS1-866034.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

**APPEAL TRANSMITTAL SHEET**

Case Number: _____   ○ BK   ○ AP
  If AP, related BK Case Number: _____

Title of Order Appealed:
_____
        Docket Number: _____        Date Entered: _____

Item Transmitted:   ○ Notice of Appeal            ○ Motion for Leave to Appeal
                    ○ Amended Notice of Appeal    ○ Cross Appeal
        Docket Number: _____        Date Filed: _____

*Appellant/Cross Appellant:                *Appellee/Cross Appellee
_____    _____
Counsel for Appellant:                     Counsel for Appellee:
_____    _____
_____    _____
_____    _____
_____    _____

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ○ Yes   ○ No

IFP Motion Filed by Appellant?   ○ Yes   ○ No

Have Additional Appeals to the Same Order been Filed?  ○ Yes  ○ No
    If so, has District Court assigned a Civil Action Number?   ○ Yes  ○ No   Civil Action # _____

Additional  Notes:
_____

_____          By: _____
Date                                          Deputy Clerk
_____
                                        FOR USE BY U.S. BANKRUPTCY COURT
Bankruptcy Court Appeal (BAP) Number: _____
7/6/06

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FINOVA CAPITAL CORPORATION, | : | Case Nos. 01-0698 (PJW) |
| | : | |
| Reorganized Debtor | : | Jointly Administered |
| | : | |
| | : | Re: Docket No. 22, 99 |

## ORDER REGARDING DEBTORS' MOTION
## REQUESTING CLARIFICATION OF CONFIRMED CHAPTER 11 PLAN

This matter coming before the Court on the Motion of the Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provisions of the Confirmed Plan, dated April 1, 2005 [Docket No. 22] (the "Clarification Motion"),[1] filed by above-captioned reorganized Debtor (the "Reorganized Debtor"); the Court having reviewed the Clarification Motion and having heard the statements of counsel regarding the Clarification Motion and any objections thereto at a hearing held before the Court on November 29, 2005 (the "Hearing"); the Court having determined that the legal and factual bases set forth in the Clarification Motion establish just cause for the relief granted herein; the Court having found that notice of the Clarification Motion as set forth in the Order Approving the Form and Manner of Notice of the Reorganized Debtor's Motion to Approve Form and Manner of Notice and to Limit Notice of the Motion of the Reorganized Debtor for an Order Clarifying Provision of Confirmed Plan [Docket No. 25] was sufficient under the circumstances and that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore;

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Clarification Motion.

RLF1-2966062-2

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For the reasons set forth on the record at the Hearing [Docket No. 80] and in the Court's Letter to Counsel With Respect to Court's Ruling on the Reorganized Debtor's Motion for an Order Clarifying the Confirmed Plan, dated December 2, 2005 [Docket No. 78], the Clarification Motion is hereby APPROVED to the extent that the Debtor is presently and will be forever insolvent.

2. Nothing in this order shall be construed as a finding that the Debtors presently are or will forever be insolvent.

3. This Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

Dated: F_____, 2006
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>THE FINOVA GROUP INC.,<br>FINOVA CAPITAL CORPORATION,<br><br>Reorganized Debtor | § § § § § § § § § | Chapter 11<br><br>Case Nos. 01-0698 (PJW)<br><br>Jointly Administered<br><br>Re: Docket Nos. 22, 100, 196 |

**ORDER GRANTING DEBTORS' MOTION REQUESTING
CLARIFICATION OF CONFIRMED CHAPTER 11 PLAN**

On April 1, 2005, the Debtors filed their Motion of the Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provisions of the Confirmed Plan [Dkt. No. 22] (the "Clarification Motion"). A hearing was held on November 29, 2005, following which on February 1, 2006 this Court entered an Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Dkt. No. 100], which specifically provided that, inter alia, (1) the Clarification Motion is "APPROVED to the extent that the Debtor is presently and will be forever insolvent", and (2) the Order shall not "be construed as a finding that the Debtors presently are or will forever be insolvent."

On January 8, 2007, the Debtors filed a Request for Entry of Final Order in Clarification Motion Contested Matter [Dkt. No. 196], which included the Supplemental Declaration of Richard Ross relating to the financial condition of the Debtors and attached filings of the Debtors with the SEC. The Official Committee of Equity Security Holders ("Equity Committee") objected to this Request, and sought an increase in the fee cap for the purpose, inter alia, of retaining a Financial Consultant for the limited purpose of reviewing the financial situation of the Debtors. On January 29, 2007, this Court held a hearing on the Request, and at the hearing, heard direct and cross-examination of Richard A. Ross on the financial condition of

the Debtors. Mr. Ross testified, in essence, that the Debtors were hopelessly insolvent and there was no realistic possibility that the situation would change. On February 6, 2007, the Court entered an Order [Dkt. Item 205] which authorized the increase in the fee cap so that the Debtors could retain a Financial Consultant. The Equity Committee retained Traxi LLC ("Traxi") as its Financial Consultant. On or about April 2, 2007, Traxi furnished its report which concluded that it has "no reason to dispute the solvency position of the Company at any prior date as reported in Finova's filing with the SEC."

Based on the record at the January 29, 2007 hearing, the Supplemental Declaration of Richard A. Ross and the 10Q Report attached to said Supplemental Declaration, the testimony of Richard A. Ross at the January 29, 2007 hearing, and the Traxi Report, as well as the prior proceedings and hearings relating to the Clarification Motion, the Court hereby finds that (1) the Debtors presently are and will be forever insolvent, (2) under the Indenture dated as of August 22, 2001 governing the issuance of the 7.5% Senior Secured Notes Maturing 2009 of The FINOVA Group Inc. (the "New Senior Notes"), the payment of any amount to or on account of the Equity Interests of The FINOVA Group Inc. ("FNV Group") would be an Impermissible Restricted Payment and cannot be made pursuant to section 4.06(a)(v), FIFTH, clause (x) of the Indenture, (3) there is no reasonable probability that, under the terms of the Indenture, any such payment on account of the Equity Interests of FNV Group will be permitted in the future, and (4) the legal and factual basis set forth in record of hearings on the Motion, and prior rulings and orders of this Court, establish just cause for the relief set forth in the Clarification Motion. Based on the foregoing and paragraph 1 of the Order of February 1, 2006 referred to above,

IT IS HEREBY ORDERED THAT:

2

1. The Clarification Motion is granted in its entirety and on a Final basis. All objections to the Clarification Motion or the relief requested therein that have not been withdrawn, waived or settled, are hereby overruled on the merits.

2. The Debtors (a) shall be permitted to use the funds presently set aside in a segregated account in the amount of 5% of Available Cash for possible distribution to holders of Equity Interests in FNV Group (as described in the Clarification Motion), in the approximate amount of $81,228,000 (as of May 15, 2007) (the "5% Funds") for general corporate purposes including, without limitation, payment of amounts due on the New Senior Notes, and (b) shall no longer be required to set aside 5% of Available Cash or any other amounts for possible distribution to holders of Equity Interests in FNV Group; provided, however, that the Debtors shall not distribute or otherwise use the 5% Funds for a period of 30 days following the entry of this Order.

3. The Court shall retain jurisdiction over all matters relating to this Order.

Dated: June 26, 2007
Wilmington Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

3

RLF1-3167993-2