UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FINOVA CAPITAL CORP., | : | |
| | : | Case Nos. 01-0698 (PJW) |
| Reorganized Debtors. | : | Jointly Administered |
| | : | |
| | : | |

**APPELLANT'S DESIGNATION OF DOCUMENTS FOR THE RECORD
AND STATEMENT OF ISSUES ON APPEAL**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Equity Securities Holders ("Committee" or "Appellant") designates the following contents for the record on appeal:

### I.  Designation of Record

1.  Third Amended and Restated Disclosure Statement with Respect to Joint Plan of Reorganization [Docket No. 552] (the "Disclosure Statement").

2.  Third Amended and Restated Joint Plan of Reorganization [Docket No. 553] (the "Plan").

3.  Plan Supplement with Respect to Third Amended and Restated Joint Plan of Reorganization [Docket No. 745] (the "Plan Supplement"). The Plan Supplement includes, but is not limited to, the Indenture between the Finova Group, Inc. and The Bank of New York, as Trustee, dated as of August 22, 2001 (the "Indenture").

4.  Motion of the Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 22] (the "Clarification Motion").

5.  Motion for Continuance of Objection Deadline and Hearing on Debtor's Motion for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 32].

6.  Motion for an Order which Recognizes the Continued Existence of the Official Committee of Equity Holders, or in the Alternative for the Reconstitution of the Equity Committee, for the Limited Purpose of Responding to the Debtors' Motion for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 33].

7. Response and Objection to the Motion for Continuance of Objection Deadline and Hearing on Debtors' Motion for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 37].

8. Reorganized Debtor's Objection to the Motion of Eugene Linden for an Order which Recognizes the Continued Existence of the Official Committee of Equity Holders, or in the Alternative for the Reconstitution of the Equity Committee, for the Limited Purpose of Responding to the Debtors' Motion for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 39].

9. Objection of First Carolina Investors, Inc. to Motion of Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 40].

10. Transcript of Motion Hearing Before Honorable Peter J. Walsh on June 10, 2005 at 9:30 a.m. [Docket No. 50].

11. Order Directing the United States Trustee to Appoint an Official Committee of Equity Security Holders for a Limited Purpose and Granting Related Relief [Docket No. 48].

12. Notice of Appointment of Equity Security Holder Committee filed by U.S. Trustee [Docket No. 51].

13. Reply to Objection of First Carolina Investors, Inc. to Motion of Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 61].

14. The Equity Committee's Response to the Reorganized Debtor's Reply to Objection of First Carolina Investors, Inc. to Motion of Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 62].

15. Reorganized Debtor's Sur-Reply to the Equity Committee's Response to the Reorganized Debtor's Reply to Objection of First Carolina Investors, Inc. to Motion of Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 65].

16. Bankruptcy Court's Letter to Counsel, Dated December 2, 2005, with respect to Court's Ruling on the Reorganized Debtor's Motion for an Order Clarifying the Confirmed Plan [Docket No. 78] (the "Supplemental Letter").

17. Transcript of Hearing before the Honorable Peter J. Walsh on November 29, 2005 at 2:30 p.m. [Docket No. 80].

      18.     Response Letter of Counsel to Equity Committee to the Bankruptcy Court's Letter to Counsel, Dated December 2, 2005, Regarding Ruling on Legal Position of Equity Committee Respecting the Debtor's Motion to Clarify [Docket No. 85].

      19.     Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Docket No. 100] (the "First Clarification Order").

      20.     Notice of Appeal [Docket No. 102].

      21.     Motion of the Official Committee of Equity Securities Holders for Leave to Appeal Bankruptcy Court's Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Docket No. 104].

      22.     Designation of Documents for the Record and Statement of Issues on Appeal [Docket No. 107].

      23.     Motion to Strike Notice of Appeal and Answer in Opposition to Motion of the Official Committee of Equity Securities Holders for Leave to Appeal Bankruptcy Court's Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Docket No. 109].

      24.     Memorandum of Law in Support of Motion to Strike and Answer in Opposition to Motion of the Official Committee of Equity Securities Holders for Leave to Appeal Bankruptcy Court's Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Docket No. 110].

      25.     Appellee's Additional Designation of Documents for the Record and Restatement of Issues on Appeal [Docket No. 111].

      26.     Memorandum Opinion Regarding Motion of the Official Committee of Equity Securities Holders for Leave to Appeal Bankruptcy Court's Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Docket No. 121].

      27.     Order Regarding Motion of the Official Committee of Equity Securities Holders for Leave to Appeal Bankruptcy Court's Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Docket No. 122].

      28.     Order Pursuant to Sections 105(a) and, 350(b), and 1142 of the Bankruptcy Code and Rules 3020(d), 5010, and 9019 of the Federal Rules of Bankruptcy Procedure (i) Approving Settlement of Thaxton Litigation, (ii) Approving the Ongoing Sale of the Reorganized Debtors' Remaining Assets, the Windup of the Reorganized Debtors' Operations and the Future Dissolution of Reorganized Debtors, (iii) Reopening FINOVA Group's Chapter 11 Case and (iv) Channeling Claims Related to the Reorganized Debtors' Chapter 11 Plan into this Court [Docket No. 191].

29. Request for Entry of Final Order in Clarification Motion Contested Matter [Docket No. 196] (the "Final Order Request").

30. Motion of the Official Committee of Equity Security Holders for Continuance of Hearing on Reorganized Debtors' Final Order Request [Docket No. 197].

31. Objection of Reorganized Debtor to the Motion of the Official Committee of Equity Security Holders for Continuance of Hearing on Reorganized Debtors' Final Order Request [Docket No. 198].

32. The Official Committee of Equity Security Holders' Objection to the Reorganized Debtors' Final Order Request [Docket No. 201].

33. Order Regarding Application for an Order, Pursuant to Section 327(e) of the Bankruptcy Code and Fed. R. Bankr. P. 2017, Increasing the Cap on Fees and Expenses Which Can Be Incurred on Behalf of the Equity Committee and the Final Order Request [Docket No. 205].

34. Transcript of Proceedings Before the Honorable Peter J. Walsh on January 29, 2007 at 2:00 p.m. [Docket No. 208].

35. Debtors' Statement for Status Conference of June 26, 2007 [Docket No. 216].

36. Order Granting Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Docket No. 220] (the "Final Clarification Order").

37. Motion of the Official Committee of Equity Security Holders Pursuant to Federal Rule of Bankruptcy Procedure 8005 for a Stay Pending Appeal of the Bankruptcy Court's Order Granting Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan [Docket No. 222].

38. Transcript of Hearing held on June 26, 2007 before the Honorable Peter J. Walsh at 9:30 a.m. [Docket No. 223].

39. Order Increasing the Cap Previously Imposed on Fees and Expenses Which Can be Incurred on Behalf of the Equity Committee [Docket No. 225].

40. Notice of Appeal [Docket No. 226].

## II.     Statement of Issues to be Presented on Appeal

The Committee further states that it intends to present the following issues on appeal:

1. Whether the Bankruptcy Court erred when, in determining to grant the Clarification Motion, it failed to apply well-established principles of New York contract interpretation law, in that:

(a) The Bankruptcy Court's interpretation of the Plan and Indenture was contrary to the plain language of the Plan and Indenture since the Reorganized Debtor could not cite to any actual provision or language in the controlling Plan and Indenture that supported its position that Finova's equity security holders had to forfeit the funds set aside on their behalf; and

(b) The Bankruptcy Court impermissibly effected a forfeiture when it incorrectly interpreted an ambiguous contract provision in favor of the party that drafted that provision.

2. Whether the Bankruptcy Court erred by failing to rule: (a) that the Plan constituted a new contract between the Reorganized Debtor and, inter alia, equity security holders; (b) that pursuant to this new contract, the Reorganized Debtor became obligated to make certain payments to equity security holders and such equity security holders were given the right to receive such payment; and (c) that such obligations and rights of the respective parties created new "debt" running from the Reorganized Debtor to said equity security holders.

3. Whether the Bankruptcy Court erred in holding that Finova's distributions to its equity security holders provided for by the Plan and Indenture are "Impermissible Restricted Payments" (as such term is defined in the Plan and/or Indenture), even though such payments merely fulfill the contractual debt obligations set forth in the Plan and Indenture.

NYDOCS1-866347.2

4. Whether the Bankruptcy Court misapprehended certain Delaware statutes relied upon by the Reorganized Debtor, including: DEL. CODE ANN. tit. 8; § 170; DEL. CODE. ANN. tit. 8, § 244; and DEL. CODE ANN. tit. 6, § 1303, when it ruled that the disputed payments were "Impermissible Restricted Payments."

5. Whether the Bankruptcy Court erred in relying on the non-binding language of the Disclosure Statement to interpret the relevant Plan provisions, when the language of the Plan controls all such interpretation.

6. Whether the Bankruptcy Court erred as a matter of law in granting the Clarification Motion.

Dated: July 16, 2007
      Wilmington, Delaware

**WILLIAM D. SULLIVAN, LLC**

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
email: bill@williamdsullivanllc.com

-- and --

**ANDERSON KILL & OLICK, P.C.**

Mark D. Silverschotz, Esq.
James M. Andriola, Esq.
Han J. Ahn, Esq.
1251 Avenue of the Americas
New York, NY 10020-1182
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

Attorneys for Appellant

## CERTIFICATE OF SERVICE

I, William D. Sullivan, hereby certify that on the 16th day of July, 2007, I caused a copy of the foregoing *Appellant's Designation of Documents for the Record and Statement of Issues on Appeal* via first class mail to the parties listed below:

Mark D. Collins
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801

David Buchbinder
George M. Conway
Office of the U.S. Trustee
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801

Jonathan M. Landers, Esq.
Paul Guillotte, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

Martin J. Bienenstock
Judy G. Z. Liu
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Howard A. Cohen
Reed Smith LLP
1201 N. Market Street, Suite 1500
Wilmington, DE 19801


July 16, 2007                                /s/ William D. Sullivan
Date                                         William D. Sullivan