IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| THE FINOVA GROUP INC., ) | Case No. 01-0698 (PJW) |
| FINOVA CAPITAL CORPORATION, ) | |
| ) | Jointly Administered |
| Reorganized Debtors. ) | |
| ) | |
| Official Committee of Equity Security ) | |
| Holders, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. 07-480 (JJF) |
| ) | |
| Finova Group Inc. and ) | Bankruptcy Case No. 01-698 |
| Finova Capital Corporation, ) | AP 07-70 |
| ) | |
| Appellees. ) | |

**APPELLEES' MOTION FOR LEAVE TO FILE A SURREPLY IN RESPONSE TO APPELLANT'S "REPLY TO OBJECTION AND ANSWERING BRIEF OF FINOVA GROUP, INC. AND FINOVA CAPITAL CORP. TO MOTION AND OPENING BRIEF OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS IN SUPPORT OF STAY PENDING APPEAL OF THE BANKRUPTCY COURT'S FINAL CLARIFICATION ORDER" (DOCKET NO. 10)**

The FINOVA Group, Inc. ("FNV Group") and FINOVA Capital Corporation (together "FINOVA" or the "Debtors"), the above named Debtors, hereby move (the "Motion for Leave") this Court for the entry of an order permitting them to file the *Sur Reply of Finova Group, Inc. and Finova Capital Corp. to the Official Committee of Equity Holders' Reply to Objection to Motion and Opening Brief* (the "Sur-Reply") to the *Reply to Objection and Answering Brief of Finova Group, Inc. and Finova Capital Corp. to Motion and Opening Brief of the Official Committee of Equity Security Holders in Support of Stay Pending Appeal of the Bankruptcy Court's Final Clarification Order* [Docket No. 10] (the "Reply Brief") filed by the Official

Committee of Equity Security Holders (the "Equity Committee") in this Court on September 27, 2007. A copy of the Sur-Reply is attached hereto as Exhibit 1.

Pursuant to Rule 7.1.2(b) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (Amended Effective June 30, 2007) (the "District Court Local Rules"), "[e]xcept for the citation of subsequent authorities, no additional papers [beyond the opening, answering and reply briefs and their appendices, if any] shall be filed absent Court approval." See District Court Local Rule 7.1.2(b). The Debtors hereby request leave from this Court to file the Sur-Reply to (i) correct a factual inaccuracy in the Reply Brief and (ii) alert the Court to new information that was unavailable both at the time the Debtors filed the *Objection and Answering Brief of Finova Group, Inc. and Finova Capital Corp. to Motion and Opening Brief of the Official Committee of Equity Security Holders in Support of Stay Pending Appeal of the Bankruptcy Court's Final Clarification Order* [Docket No. 6], dated September 20, 2007 (the "Answering Brief") and the time the Equity Committee filed the Reply Brief. Accordingly, to (i) promote a factually accurate and complete record and (ii) provide the Court with information unavailable to the Debtors at the time they filed the Answering Brief, the Debtors believe that they have demonstrated good cause to permit the filing of the Sur-Reply. In accordance with District Court Local Rule 7.1.1, counsel for FINOVA communicated with counsel for the Equity Committee concerning the Motion for Leave prior to filing the Motion for Leave and counsel for the Equity Committee does not consent to the relief requested in this Motion.

WHEREFORE, the Debtors respectfully request the entry of an order granting them (i) leave to file the Sur-Reply in the form attached hereto as Exhibit 1 and (ii) any

such further relief as the Court deems to be just and proper.

Dated: October 4, 2007
       Wilmington, Delaware

                                            Mark D. Collins (No. 2981)
                                            Jason M. Madron (No. 4431)
                                            RICHARDS, LAYTON & FINGER, P.A.
                                            One Rodney Square
                                            920 North King Street
                                            Wilmington, Delaware  19801
                                            Telephone:  (302) 651-7700
                                            Telecopy:  (302) 651-7701

                                            -and-

                                            Jonathan M. Landers
                                            Robert K. Dakis
                                            GIBSON, DUNN & CRUTCHER LLP
                                            200 Park Avenue
                                            New York, New York  10166
                                            Telephone:  (212) 351-4000
                                            Telecopy:  (212) 351-4035

                                            *Co-Counsel to the Reorganized Debtors, Appellees*

RLF1-3209249-1

# Exhibit 1

Case 1:07-cv-00480-JJF    Document 13-2    Filed 10/04/2007    Page 1 of 7

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE FINOVA GROUP INC.,<br>FINOVA CAPITAL CORPORATION,<br><br>          Reorganized Debtors. | Chapter 11<br><br>Case No. 01-0698 (PJW)<br><br>Jointly Administered |
| Official Committee of Equity Security Holders,<br><br>          Appellant,<br><br>v.<br><br>Finova Group Inc. and<br>Finova Capital Corporation,<br><br>          Appellees. | C.A. No. 07-480 (JJF)<br><br>Bankruptcy Case No. 01-698<br>AP 07-70 |

**SUR REPLY OF FINOVA GROUP, INC. AND FINOVA CAPITAL
CORP. TO THE OFFICIAL COMMITTEE OF EQUITY HOLDERS'
<u>REPLY TO OBJECTION TO MOTION AND OPENING BRIEF</u>**

Dated: October 4, 2007
       Wilmington, Delaware

                                   Mark D. Collins (No. 2981)
                                   Jason M. Madron (No. 4431)
                                   RICHARDS, LAYTON & FINGER, P.A.
                                   One Rodney Square
                                   920 North King Street
                                   Wilmington, Delaware 19801

                                   -and-

                                   Jonathan M. Landers
                                   Robert K. Dakis
                                   GIBSON, DUNN & CRUTCHER LLP
                                   200 Park Avenue
                                   New York, New York 10166

                                   *Co-Counsel to the Reorganized Debtors, Appellees*

RLF1-3209229-1

ii

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. ii

    I.      The Debtors Have Raised the Bankruptcy Court's Error in Granting a Stay
            Pending Appeal Without Providing for a Bond. ............................................................ 1

    II.     Failure of the Noteholders to Appear ............................................................................ 2

CONCLUSION ............................................................................................................................. 3

The FINOVA Group, Inc. ("FNV Group") and FINOVA Capital Corporation (together "FINOVA" or the "Debtors"), the above named Debtors, hereby submit the following Sur Reply (the "Sur Reply") to the Response to Objection and Answering Brief to Motion of the Official Committee of Equity Security Holders (the "Equity Committee") Pursuant to Federal Rule of Bankruptcy Procedure 8005 for a Stay Pending Appeal of the Bankruptcy Court's Order Granting Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan" (the "Reply Brief"). The Debtors are filing the Sur Reply to (i) correct a factual inaccuracy in the Reply Brief and (ii) to alert the Court to new information that was unavailable both at the time the Debtors filed their Objection and the time the Equity Committee filed the Reply Brief.

I. **The Debtors Have Raised the Bankruptcy Court's Error in Granting a Stay Pending Appeal Without Providing for a Bond.**

1. In their response to the Stay Motion, the Debtors argue that in the event this Court is inclined to continue the relief granted in the Stay Order, it should require the Equity Committee to post a bond. See Objection at 22-23. The Equity Committee did not respond directly to the Debtors' arguments, but stated the following:

> Finally, the Debtors argue that in the event the Court grants a stay, the Equity Committee should be required to post a $25 million bond. In issuing the 90-Day Stay Order, the Bankruptcy Court rejected a similar request by the Debtors. See July 24, 2007 Transcript . . . ("And I will not require the posting of a bond."). Moreover, the Bankruptcy Court observed that: "it may well be that even without a stay, the company will not be able to wind up." . . . In their current objection, the Debtors have not even asserted that the Bankruptcy Court erred in making this finding. Thus, it has already been determined that there will be no financial harm to the Debtors--the purported basis for requiring a bond--if a stay is granted.

Reply Brief at 14.[1]

---

[1] It should be noted that the Bankruptcy Court's failure to require a bond in granting a stay pending appeal that expires in 90 days is simply not dispositive of the question of whether a bond should be required to continue that stay indefinitely.

1

2. In the quoted passage, the Equity Committee implies that the Debtors have not asserted that the Bankruptcy Court erred in granting a 90 stay without requiring a bond. In fact, the Debtors have filed a notice of appeal from the Bankruptcy Court's order granting a 90 day stay for the express purpose of asserting that the Bankruptcy Court erred. See Notice of Appeal, filed on August 31, 2007 [Bankr. Docket No. 249]. In the Designation of Items to Be Included in the Record on Appeal, and Statement of Issues on Appeal [Bankr. Docket No. 251], the Debtors stated the following issue on appeal:

*1. Whether the Bankruptcy Court erred granting the Stay Order.*

Designation at 2.[2] The Debtors believe that the filing of the appeal and the statement of the foregoing issue clearly show that the Debtors in fact have asserted that the Bankruptcy Court erred in granting the Stay Order, including the failure to require a bond.

## II. Failure of the Noteholders to Appear.

3. On several occasions, the Equity Committee has argued that the failure of the holders of the New Senior Notes to file pleadings in opposition to the stay means that there is no harm to them and they have no objection. See, e.g., Reply Brief at 4 (discussing irreparable harm requirement and stating "[f]irst of all, the noteholders did not file any objection to the stay motion in the Bankruptcy Court"). As the Debtors have previously argued, the Noteholders had not heretofore appeared in connection with the Clarification Motion because they believed the Debtors were adequately representing their interests and there was no need for the increased expense.

---

[2] The Equity Committee has not responded to the Designation, and the time to do so has now expired.

2

4.     In fact, since the filing of the Debtors' objection, and the Reply Brief, counsel for the Indenture Trustee of the New Senior Notes filed a declaration specifically stating:

> The Finova Group Inc. has adequately represented the position of the Successor Trustee and the Noteholders in this dispute. In an effort to reduce expenses and avoid the unnecessary duplication of effort, the Successor Trustee has abstained from filing separate pleadings.

Decl. of James Gadsen in Opposition to Motion for A Stay Pending Appeal, 07-480, at ¶ 4 (Oct. 3, 2007) [Docket No. 12]. In response to the Equity Committee's assertion that the Noteholders are indifferent to the outcome of this dispute, the Indenture Trustee stated that:

> It is obvious that the Noteholders have a strong interest in a determination that allows the Debtors to distribute to the Noteholders the $81 million in segregated funds that have accumulated since the first distributions were made in November 2004. Investment of the funds by the Debtors is not an adequate substitute for the return that the Noteholders might achieve if the funds had been distributed to them.

## CONCLUSION

For the reasons set forth above and in the Debtors' Objection, the Court should deny the Stay Motion or, in the alternative, provide for a bond in the amount of $25 million.

Dated: October 4, 2007
Wilmington, Delaware

Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Telecopy: (302) 651-7701

-and-

3

RLF1-3209229-1

Jonathan M. Landers
Robert K. Dakis
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
Telephone:  (212) 351-4000
Telecopy:  (212) 351-4035

*Co-Counsel to the Reorganized Debtors, Appellees*

# CERTIFICATE OF SERVICE

I, Jason M. Madron, do hereby certify that on October 4, 2007 a copy of the foregoing **Appellees' Motion for Leave to File a Surreply in Response to Appellant's "Reply to Objection and Answering Brief of Finova Group, Inc. and Finova Capital Corp. to Motion and Opening Brief of the Official Committee of Equity Security Holders in Support of Stay Pending Appeal of the Bankruptcy Court's Final Clarification Order" [Docket No. 10)** was served on the parties on the attached list and in the manner indicated thereon.

                                                 Jason M. Madron (Bar No. 4431)

*FINOVA Capital Corporation - Service List*
*Local via Hand Delivery /  Non-Local via First Class Mail*

David Buchbinder
Office of the United States Trustee
844 King St., Suite 2313
Lockbox 35
Wilmington, DE 19801 USA

William D. Sullivan
4 East 8th Street, Suite 400
Wilmington, DE  19801

Howard A. Cohen
Reed Smith LLP
1201 N. Market St., Suite 1500
Wilmington, DE 19801

Martin Bienenstock
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153

Jonathan M. Landers, Esq.
Robert J. Dakis, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Ave.
New York, NY 10166

Mark D. Silverschotz
James Andriola
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

J. Richard Tucker
Maron Marvel Bradley
& Anderson, P.A.
1201 North Market Street, Suite 900
Wilmington, DE  19801