IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| THE FINOVA GROUP., INC., ) | Case No. 01-0698 (PJW) |
| FINOVA CAPITAL CORPORATION ) | |
| ) | Jointly Administered |
| Reorganized Debtors. ) | |
| ) | |
| Official Committee of Equity Security ) | |
| Holders, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. 07-480 (JJF) |
| ) | |
| Finova Group Inc. and ) | Bankruptcy Case No. 01-698 |
| Finova Capital Corporation, ) | AP 07-70 |
| ) | |
| Appellees. ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
TO APPELLEE'S MOTION FOR LEAVE TO FILE A SURREPLY WITH RESPECT TO
THE EQUITY COMMITTEE'S MOTION FOR STAY PENDING APPEAL**

The Official Committee of Equity Security Holders (the "Equity Committee"), on behalf of the shareholders (the "Equity Holders") of Finova Group, Inc., the corporate parent of Finova Capital Corporation (collectively, the "Debtors" or "Reorganized Debtors"), by and through its undersigned counsel, hereby submit this objection to the *Appellee's Motion for Leave to File a Surreply in Response to Appellant's "Reply to Objection and Answering Brief of Finova Group, Inc. and the Finova Capital Corporation to Motion and Opening Brief of the Official Committee of Equity Security Holders in Support of Stay Pending Appeal of the Bankruptcy Court's Final Clarification Order"* (D.I. 13). In support of this objection, the Equity Committee respectfully states as follows:

1.      The Debtors have not articulated a satisfactory basis upon which to file the Sur-Reply. The first reason given by the Debtors for seeking to file the Sur-Reply is "to correct a factual inaccuracy" in the Equity Committee's reply brief. Sur-Reply p. 1 (introductory paragraph). The purported inaccuracy is that, in its reply, "the Equity Committee *implies* that the Debtors have not asserted that the Bankruptcy Court erred in granting the 90 [day] stay without requiring a bond." Sur-Reply ¶ 2. There is, however, simply nothing to be "corrected."

2.      The Equity Committee's opening brief accurately described the Bankruptcy Court's entry of the 90-Day Stay Order (as well as the findings of the Bankruptcy Court in issuing same) and the Debtors have never argued otherwise. And, as was stated in the Equity Committee's reply, at no place in their "current objection" (i.e, their objection before this Court), did the Debtors assert that the Bankruptcy Court erred in issuing the 90-Day Stay Order or in reaching any of its constituent findings. Indeed, the words "err" or "erred" do not appear in the Debtors' objection to this Court. Thus, the Equity Committee's statement was (and is) absolutely correct. When preparing their objection to the current request for a stay pending appeal to this Court, the Debtors obviously were aware that they had filed a notice of appeal with respect to the 90-Day Stay Order. However, it seems that the Debtors and their counsel made a strategic decision to not assert in their objection that the Bankruptcy Court erred in issuing the 90-Day Stay Order or even mention that a notice of appeal had been filed.

3.      The next asserted basis for the Sur-Reply is "to alert the Court to *new information* that was unavailable both at the time the Debtors filed their objection and the time the Equity Committee filed the Reply Brief." Sur-Reply p. 1 (introductory

NYDOCS1-874566.1

paragraph) (emphasis added). The "new information" is the Declaration of James Gadsden in Opposition to Motion for a Stay Pending Appeal, and the assertions contained therein concerning the noteholders' position as to the pending motion for a stay. It is unclear, however, how Mr. Gadsden's opinion on this topic was "new information" that was previously unavailable. Most significantly, to the extent they intend to rely on Mr. Gadsden's opinion, the Debtors do not even attempt to explain how they were unable to seek such a statement from him (or any noteholder) prior to filing their objection. In an attempt to explain the timing for submitting his affidavit, Mr. Gadsden states that his "first notice of the Equity Committee's argument that the Noteholders were indifferent to the early distribution [of the Segregated Funds] was my receipt of the Debtor's answering brief [on the present motion]." (Gadsden Decl. p. 2, n.1). But, Mr. Gadsden also testified that "I have been monitoring the proceedings resulting in the [Clarification] Order" (Gadsden Decl. ¶ 3) and that "Finova Group, Inc. has adequately represented the position of the Successor Trustee and the Noteholders in this dispute." (Gadsden Decl. ¶ 4).

    4.  In addition, Mr. Gadsden does not even offer any testimony that is relevant to or would assist the Court's decision-making process on the Equity Committee's motion for a stay. Notably, Mr. Gadsden does not assert that a stay pending appeal will "substantially injure" the noteholders, which is the relevant standard on a stay motion. *See, e.g., Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir.1991) (factors for stay include that issuance of the stay will not "substantially injure" the other parties to the proceeding). Rather, he states that: "[i]nvestment of the funds by the Debtors at interest is not an adequate substitute for the return that

Noteholders *might achieve* if the funds had been distributed to them." (Gadsden Decl. ¶ 5) (emphasis added).

5.     Given the foregoing, the proposed Sur-Reply neither corrects a a factual inaccuracy nor presents new information not available at the time the Debtors filed their objection to the Equity Committee's motion for stay pending appeal. As such, it should not be considered.

6.     Finally, in the event that this Court grants the Debtors' application and considers the Sur-Reply at all, the Equity Committee respectfully submits that its motion for a stay pending appeal should still be granted in its entirety.

WHEREFORE, for the foregoing reasons, the Equity Committee respectfully requests that the Motion for Leave to File a Sur-Reply with respect to the Equity Committee's motion for stay pending appeal be denied.

Dated: October 10, 2007
       Wilmington, Delaware

                              **WILLIAM D. SULLIVAN, LLC**

                              */s/ William D. Sullivan*
                              William D. Sullivan (No. 2820)
                              Elihu E. Allinson, III (No. 3476)
                              4 East 8th Street, Suite 400
                              Wilmington, DE  19801
                              Tel:  (302) 428-8191
                              Fax: (302) 428-8195

                                        -- and --

**ANDERSON KILL & OLICK, P.C.**
Mark D. Silverschotz, Esq.
James Andriola, Esq.
Han J. Ahn, Esq.
1251 Avenue of the Americas
New York, NY 10020-1182
Tel: (212) 278-1000
Fax: (212) 278-1733

*Attorneys for Appellant*

## CERTIFICATE OF SERVICE

      I, William D. Sullivan, hereby certify that on the 10th day of October 2007, I caused a copy of the foregoing *Objection of the Official Committee of Equity Security Holders to Appellees' Motion for Leave to File a Surreply in Response to Appellant's 'Reply to Objection and Answering Brief of Finova Group, Inc. and Finova Capital Corp. to Motion and Opening Brief of the Official Committee of Equity Security Holders in Support of Stay Pending Appeal of the Bankruptcy Court's Final Clarification Order* to be served upon the parties listed below in the manner indicated.

| **HAND DELIVERY** | **FIRST CLASS MAIL** |
|---|---|
| Mark D. Collins | Jonathan M. Landers, Esq. |
| Richards Layton & Finger | Paul Guillotte, Esq. |
| One Rodney Square | Gibson, Dunn & Crutcher LLP |
| Wilmington, DE 19801 | 200 Park Avenue |
| | New York, NY 10166 |

**FIRST CLASS MAIL**
James Gadsden, Esq.
Carter Ledyard & Milburn, LLP
2 Wall Street
New York, NY 10005


*October 10, 2007*　　　　　　　　　　　　　　　　　　　　　　*/s/ William D. Sullivan*
Date　　　　　　　　　　　　　　　　　　　　　　　　　　　　William D. Sullivan