IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| THE FINOVA GROUP INC., | : | |
| | : | Bankr. Case No. 01-698-PJW |
| Debtor. | : | |
| | : | |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 07-480-JJF |
| | : | |
| FINOVA GROUP INC. and FINOVA CAPITAL CORPORATION, | : | |
| | : | |
| Appellees. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Appellant's Motion And Opening Brief In Support Of Stay Pending Appeal Of The Bankruptcy Court's Final Clarification Order (D.I. 4).[1] The Bankruptcy Court granted Appellant a 90-day stay through and including October 22, 2007. For the reasons discussed, the Court will grant Appellant's Motion.

To demonstrate that a stay pending appeal is justified, the moving party must establish: (1) a strong showing of likelihood

---

[1] The Debtors have also filed a Motion For Leave To File A Sur Reply (D.I. 13) to correct the record and add new information not previously available to the Debtors. Appellant opposes the Motion. The Court will deny the Debtors' Motion on the grounds that the Sur Reply fails to comport with the purposes for which it was offered and fails to respond to new issues raised in the Reply Brief.

of success on the merits, (2) irreparable harm absent a stay, (3) that issuance of the stay will not substantially injure the other parties to the proceeding, and (4) that a stay is in the public interest. See e.g., Republic of Phillippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991). These factors are the same as those required for the issuance of a preliminary injunction. In re Delaware & Hudson Railway Co., 90 B.R. 90, 91 (Bankr. D. Del. 1988).

In evaluating these factors in the context of this case, the Bankruptcy Court recognized a strong tension between the first and second factors. Specifically, the Bankruptcy Court emphasized its view that Appellant's argument had no merit, but acknowledged that if its view was erroneous and its decision was overturned, Appellant would suffer a serious risk of irreparable harm. In determining that a 90 day stay was appropriate, the Bankruptcy Court envisioned that briefing would be complete on the underlying appeal so that this Court could review the merits of the appeal.

Independently evaluating the factors required for a stay, the Court concludes that an extension of the Bankruptcy Court's stay is warranted. The Debtors argue that they will suffer substantial injury if a stay is granted, because they will be precluded from winding-up their affairs. While the Debtors have expressed the hope that they might be able to wind-up their

affairs by the end of 2007, the have acknowledged that "the liquidation period may extend beyond 2007 and conservative estimates are up to the end of 2008." (D.I. 5 at Ex. J.) Indeed, the Bankruptcy Court recognized that the Debtors wind-up period may be longer than expected:

> If there is a possibility that this ruling could be reversed on appeal, and I don't claim to have any expertise in this area, I strongly suspect that the company would have to continue SEC compliance because there's a potential for equity interest involved, and I assume the equity interest is what requires the filing of the  - of the periodic reports.
>
> So, it may well be that even without a stay, this company will not be able to wind up.
>
> Secondly, we have the Thaxton Life Partners suit [a lawsuit recently commenced against the Debtors] which, in my view, would have to be resolved in order for this company to terminate all employees and turn off the lights and terminate all kinds of D and O insurance.

(Id. at Ex. K at 387.)

Further, it appears that the Debtors have now planned for the liquidation to take at least until the first quarter of 2008. Briefing on the underlying appeal in this case is due to be completed in early December, and therefore, the Court will be able to resolve this matter within the time frame currently contemplated by the Debtors for their liquidation. Thus, the Court does not find that an extension of the stay will cause the Debtors substantial injury. Moreover, as the Bankruptcy Court recognized, the disputed funds are earning interest, and

therefore, the Court concludes that the distributees of the funds will not suffer substantial harm from an extension of the stay.

In contrast, Appellant's risk of irreparable harm is real and substantial. The Debtors have advised the Bankruptcy Court that absent a stay, they intend to distribute the Segregated Funds to holders of New Senior Notes. Once this distribution is made, Appellant will have little or no recourse available to reclaim the funds. See e.g., Rubin v. Pringle (In re Focus Media Inc.), 387 F.3d 1077, 1086 (9th Cir. 2004) (holding that bankruptcy court did not abuse its discretion by granting preliminary injunction where "specter" of irreparable harm existed if funds were dissipated); In re Netia Holdings, S.A., 278 B.R. 344, 357 (Bankr. S.D.N.Y. 2002) (finding balance of hardships weighed in favor of granting preliminary injunction and stating that "[i]f the funds leave State Street, they will be distributed to diverse parties, and be difficult or impossible to recover. This is of course a concrete example exemplifying the well-established principle that piecemeal distribution of a debtor's estate constitutes irreparable harm."). Given the significant risk of harm to Appellant, the Court is inclined to give less weight to Appellant's likelihood of success on the merits. See e.g., Constrs. Ass'n of W. Pa. v. Kreps, 573 F.2d 811, 815 (3d Cir. 1978). As for the public interest, the Court

finds that this prong of the stay inquiry is not at issue in this appeal.

Accordingly, the Court finds that on balance, the factors weigh in favor of granting a stay pending resolution of the underlying appeal in this action. Because the Court envisions the stay lasting no more than another 90 days and the Court finds no substantial harm will come to the Debtors as a result of this stay, the Court will, at this juncture, decline to condition the stay on the posting of a bond. NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Appellant's Motion And Opening Brief In Support Of Stay Pending Appeal Of The Bankruptcy Court's Final Clarification Order (D.I. 4) is **GRANTED**.

2. The Debtors' Motion For Leave To File A Sur Reply (D.I. 13) is **DENIED**.

October 31, 2007
DATE

_____
UNITED STATES DISTRICT JUDGE