## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>**THE FINOVA GROUP, INC.**<br><br>       **Reorganized Debtor.** | **Chapter 11**<br><br>**Case No. 01-00698 (PJW)** |

| | |
|---|---|
| **OFFICIAL COMMITTEE OF EQUITY**<br>**SECURITY HOLDERS,**<br>       **Appellant,**<br><br>   **v.**<br><br>**FINOVA Group Inc. and FINOVA**<br>**CAPITAL CORPORATION**<br>       **Appellees.** | **Civil Action No. 07-480 (JJF)** |

### AFFIDAVIT OF SERVICE

STATE OF DELAWARE :
         : SS.
NEW CASTLE COUNTY :

Waverley L. Dewdney, being duly sworn according to law, deposes and says that she is employed as a Legal Assistant for the law firm of Richards, Layton & Finger, P.A., and that on November 1, 2007 she caused a copy of the following document to be **Served** on the attached list as indicated: **"Memorandum Order"**

             Waverley L. Dewdney
             RICHARDS, LAYTON & FINGER, P.A.
             One Rodney Square
             920 North King Street
             Wilmington, DE  19801
             Telephone:  (302) 651-7700

Sworn to and subscribed before me this _1st_ day of November, 2007.

             Notary Public

             LINDA M. ANDERSON
             Notary Public - State of Delaware
             My Comm. Expires June 30, 2010

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| THE FINOVA GROUP INC., | : | |
| | : | Bankr. Case No. 01-698-PJW |
| Debtor. | : | |
| | : | |
| OFFICIAL COMMITTEE OF EQUITY | : | |
| SECURITY HOLDERS, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 07-480-JJF |
| | : | |
| FINOVA GROUP INC. and FINOVA | : | |
| CAPITAL CORPORATION, | : | |
| | : | |
| Appellees. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Appellant's Motion And Opening

Brief In Support Of Stay Pending Appeal Of The Bankruptcy Court's

Final Clarification Order (D.I. 4).[1]  The Bankruptcy Court

granted Appellant a 90-day stay through and including October 22,

2007.  For the reasons discussed, the Court will grant

Appellant's Motion.

To demonstrate that a stay pending appeal is justified, the

moving party must establish: (1) a strong showing of likelihood

---

[1]    The Debtors have also filed a Motion For Leave To File A Sur
Reply (D.I. 13) to correct the record and add new information not
previously available to the Debtors.  Appellant opposes the
Motion.  The Court will deny the Debtors' Motion on the grounds
that the Sur Reply fails to comport with the purposes for which
it was offered and fails to respond to new issues raised in the
Reply Brief.

of success on the merits, (2) irreparable harm absent a stay, (3) that issuance of the stay will not substantially injure the other parties to the proceeding, and (4) that a stay is in the public interest.  See e.g., Republic of Phillippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).  These factors are the same as those required for the issuance of a preliminary injunction.  In re Delaware & Hudson Railway Co., 90 B.R. 90, 91 (Bankr. D. Del. 1988).

In evaluating these factors in the context of this case, the Bankruptcy Court recognized a strong tension between the first and second factors.  Specifically, the Bankruptcy Court emphasized its view that Appellant's argument had no merit, but acknowledged that if its view was erroneous and its decision was overturned, Appellant would suffer a serious risk of irreparable harm.  In determining that a 90 day stay was appropriate, the Bankruptcy Court envisioned that briefing would be complete on the underlying appeal so that this Court could review the merits of the appeal.

Independently evaluating the factors required for a stay, the Court concludes that an extension of the Bankruptcy Court's stay is warranted.  The Debtors argue that they will suffer substantial injury if a stay is granted, because they will be precluded from winding-up their affairs.  While the Debtors have expressed the hope that they might be able to wind-up their

affairs by the end of 2007, the have acknowledged that "the
liquidation period may extend beyond 2007 and conservative
estimates are up to the end of 2008." (D.I. 5 at Ex. J.)
Indeed, the Bankruptcy Court recognized that the Debtors wind-up
period may be longer than expected:

> If there is a possibility that this ruling could be
> reversed on appeal, and I don't claim to have any
> expertise in this area, I strongly suspect that the
> company would have to continue SEC compliance because
> there's a potential for equity interest involved, and I
> assume the equity interest is what requires the filing
> of the  - of the periodic reports.
>
> So, it may well be that even without a stay, this
> company will not be able to wind up.
>
> Secondly, we have the Thaxton Life Partners suit
> [a lawsuit recently commenced against the Debtors]
> which, in my view, would have to be resolved in order
> for this company to terminate all employees and turn
> off the lights and terminate all kinds of D and O
> insurance.

(Id. at Ex. K at 387.)

Further, it appears that the Debtors have now planned for
the liquidation to take at least until the first quarter of 2008.
Briefing on the underlying appeal in this case is due to be
completed in early December, and therefore, the Court will be
able to resolve this matter within the time frame currently
contemplated by the Debtors for their liquidation.  Thus, the
Court does not find that an extension of the stay will cause the
Debtors substantial injury.  Moreover, as the Bankruptcy Court
recognized, the disputed funds are earning interest, and

therefore, the Court concludes that the distributees of the funds
will not suffer substantial harm from an extension of the stay.

In contrast, Appellant's risk of irreparable harm is real
and substantial.  The Debtors have advised the Bankruptcy Court
that absent a stay, they intend to distribute the Segregated
Funds to holders of New Senior Notes.  Once this distribution is
made, Appellant will have little or no recourse available to
reclaim the funds.  See e.g., Rubin v. Pringle (In re Focus Media
Inc.), 387 F.3d 1077, 1086 (9th Cir. 2004) (holding that
bankruptcy court did not abuse its discretion by granting
preliminary injunction where "specter" of irreparable harm
existed if funds were dissipated); In re Netia Holdings, S.A.,
278 B.R. 344, 357 (Bankr. S.D.N.Y. 2002) (finding balance of
hardships weighed in favor of granting preliminary injunction and
stating that "[i]f the funds leave State Street, they will be
distributed to diverse parties, and be difficult or impossible to
recover.  This is of course a concrete example exemplifying the
well-established principle that piecemeal distribution of a
debtor's estate constitutes irreparable harm.").  Given the
significant risk of harm to Appellant, the Court is inclined to
give less weight to Appellant's likelihood of success on the
merits.  See e.g., Constrs. Ass'n of W. Pa. v. Kreps, 573 F.2d
811, 815 (3d Cir. 1978).  As for the public interest, the Court

finds that this prong of the stay inquiry is not at issue in this appeal.

Accordingly, the Court finds that on balance, the factors weigh in favor of granting a stay pending resolution of the underlying appeal in this action. Because the Court envisions the stay lasting no more than another 90 days and the Court finds no substantial harm will come to the Debtors as a result of this stay, the Court will, at this juncture, decline to condition the stay on the posting of a bond.NOW THEREFORE, IT IS HEREBY ORDERED that:

1.   Appellant's Motion And Opening Brief In Support Of Stay Pending Appeal Of The Bankruptcy Court's Final Clarification Order (D.I. 4) is **GRANTED**.

2.   The Debtors' Motion For Leave To File A Sur Reply (D.I. 13) is **DENIED**.

October 31, 2007
DATE

UNITED STATES DISTRICT JUDGE

**Service List**
**Local via Hand Delivery/Non-Local via First Class Mail**

David Buchbinder
Office of the United States Trustee
844 King St., Suite 2313
Lockbox 35
Wilmington, DE 19801 USA

Howard A. Cohen
Reed Smith LLP
1201 N. Market St., Suite 1500
Wilmington, DE 19801

Kevin Gross
Rosenthal Monhait Gross & Goddess, P.A.
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

Laura Davis Jones
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, Suite 1600
Wilmington, DE 19801

Frank J. Perch, III
Office of the United States Trustee
844 King Street, Suite 2313 Lockbox 35
Wilmington, DE 19801-3519 USA

William D. Sullivan
William D. Sullivan, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801

The Bank of New York
Corporate Trust Administration
101 Barclay Street, 21st Floor West
New York, NY 10286 USA

Tennessee Attorney General's Office
c/o Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202-0207 USA

LF1-3219259-1

Feltman, Karesh, Major & Farbman
Building 35
New York, NY 10019

Feltman, Karesh, Major & Farbman
140 Broadway
New York, NY 10005

John T. Banks
Perdue, Brandon, Fielder, Collins & Mott
3301 Northland Dr., Ste 505
Austin, TX 78731

Andrea A. Bernstein
Martin Bienenstock
Bethany J. Cooper
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153

Karen Bertero
Andrew E. Bogen
Chris LaQuay
Steven L. Tolles
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071

Charles J. Filardi, Jr.
Pepe & Hazard LLP
30 Jeliff Lane
Southport, CT 06890-1436 USA

Chaim J. Fortgang
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

Nathan Fuchs
Securities & Exchange Commission
233 Broadway
New York, NY 10279 USA

Claudia King, President
Claudia King & Associates, Inc.
P.O. Box 2742
Carefree, AZ 85377

Gerald K. Kitano, Esq.
Michael M. Hirotsu, Esq.
Law Offices of Gerald K. Kitano
3435 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010

Jonathan M. Landers, Esq.
Paul Guillotte, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Ave.
New York, NY 10166

Rick Lieberman
Senior VP/General Counsel
The Finova Capital Corporation
4800 North Scottsdale Road
Scottsdale, AZ 85251

Philip Mindlin
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

Steven R. Peterson, Ph.D
(Senior Managing Director)
Lexecon, an FTI Company
20 University Road
Cambridge, MA 02138 USA

Andrew Rahl, Jr.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

Glenn M. Reisman
Two Corporate Drive
P.O. Box 861
Shelton, CT 06484-0861

Robert J. Rohrberger, Esq.
Fox and Fox LLP
70 South Orange Ave.
Livingston, NJ 07039

Robert C. Shenfeld
Reed Smith Crosby Heafey LLP
335 S. Grand Ave., Suite 2900
Los Angeles, CA 90017

Bradley J. Stevens
Janet B. Hutchison
Robbins & Green, P.A.
3300 North Central Avenue, Suite 1800
Phoenix, AZ 85012 USA