IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| THE FINOVA GROUP INC., | : |
| | : Bankr. Case No. 01-698-PJW |
| Debtor. | : |
| | : |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 07-480-JJF |
| | : |
| FINOVA GROUP INC. and FINOVA CAPITAL CORPORATION, | : |
| | : |
| Appellees. | : |

**<u>MEMORANDUM OPINION & ORDER</u>**

Pending before the Court is Appellant's Motion For Stay Pending Appeal. (D.I. 33). For the reasons discussed, the Court will deny Appellant's Motion.

To demonstrate that a stay pending appeal is justified, the moving party must establish: (1) a strong showing of likelihood of success on the merits, (2) irreparable harm absent a stay, (3) that issuance of the stay will not substantially injure the other parties to the proceeding, and (4) that a stay is in the public interest. <u>See</u> <u>e.g.</u>, <u>Republic of Phillippines v. Westinghouse Elec. Corp.</u>, 949 F.2d 653, 658 (3d Cir. 1991). These factors are the same as those required for the issuance of a preliminary injunction, and the same as those considered by the Court in the

context of determining whether a stay pending appeal of the Bankruptcy Court's Orders was warranted in this case. (D.I. 19).

Although little has changed in this case with respect to most of the factors necessary to justify a stay pending appeal, the Court's decision on the underlying merits of this appeal is a significant development, which must be considered in the context of its adjudication of the present Motion. At least one circuit court has suggested that where, as here, "two courts, not one, have concluded that the Claimants are unlikely to succeed in winning a reversal" the threshold showing of likelihood of success on the merits is raised "one notch higher." See In re Forty-Eight Insulations, 115 F.3d 1294, 1301 (7th Cir. 1997). While this standard is not binding on the Court, the Court finds it particularly persuasive in this case.

Although the Bankruptcy Court ultimately granted a brief, 90-day stay in this case, the Bankruptcy Court emphasized its strong view that the case lacked merit. (Bankr. D.I. 247) (issuing a 90 day stay even though it "couldn't 'overstate how strongly I feel there is no merit to the Committee's position'"). Approaching the issue of success on the merits before its full adjudication of the case, the Court granted a stay in light of the strong showing of irreparable harm to Appellant if a stay was

not granted, despite the Bankruptcy Court's remarks on the merits.

At this juncture, however, the Court has had the opportunity to fully review the merits of this case, and the Court is persuaded that Appellant simply cannot demonstrate the requisite likelihood of success on the merits to warrant a stay pending appeal.  Both parties agree that this case is governed by the Third Circuit's decision in Shenango Corp., 501 F.3d 338 (3d Cir. 2007).  Under Shenango, the Third Circuit will review the initial determination of whether the Plan and Indenture are ambiguous under a de novo standard of review.  If the documents are ambiguous as Appellant contends, then the Third Circuit "will defer to the Bankruptcy Court's interpretation unless it is unreasonable."  Id. at 346.  In the Court's view, this standard demonstrates the high hurdle Appellant's face to achieve reversal of this Court and the Bankruptcy Court's rulings on review.

While there is still a risk of irreparable harm to Appellant, the Debtors' creditors have not been unburdened by this appeal, which restricts their potential use of funds in this case.  Indeed, more than seven years have elapsed since the Plan was confirmed, and the Court cannot say that the Debtors' creditors are unharmed by their lack of access to the funds.  Coupling this harm with the Court's strong belief that this

appeal lacks merits, the Court can no longer conclude that the harm to Appellant alone warrants a continued stay of this matter.[1] Accordingly, the Court will deny Appellant's Motion.

### O R D E R

NOW THEREFORE, IT IS HEREBY ORDERED that Appellant's Motion For Stay pending appeal is **DENIED**.

September 22, 2008
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Appellant urges this Court to apply a sliding scale to the question of likelihood of success on the merits where, as here, there is a showing of harm to Appellant. However, the Debtors argue that the Third Circuit does not apply such a sliding scale. Given that this Court has already issued a ruling on the merits of the appeal, the Court is less inclined to approach this question with the use of a sliding scale, particularly in light of the Court's view that there is merit to the Seventh Circuit's approach of applying a heightened standard to likelihood of success on the merits at this juncture. In other words, in the Court's view, the heightened emphasis on likelihood of success on the merits after its adjudication of the merits of this appeal counterbalances any decrease in weight that the Court would give this factor on a sliding scale. Accordingly, the Court is left with harm to Appellant as the lone factor justifying a stay here, and the Court concludes, in the circumstances and current posture of this case, that such harm is simply not enough to warrant a stay.